UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-11819-RWZ

SEBASTIAN PARES-RAMIREZ

v.

COMMISSIONER OF CORRECTIONS

ORDER PURSUANT TO RULE 4 OF THE RULES
GOVERNING SECTION 2254 CASES

October 8, 2003

ZOBEL, D.J.

Petitioner appears to attack his conviction on the ground that the indictments against him were "fatally defective" because they did not carry the seal of the court. Because the indictments were thus defective, petitioner asserts the court was without jurisdiction, and he is therefore entitled to habeas relief.

It is plain on the face of the petition and the several documents submitted therewith that petitioner is not entitled to the relief he seeks. The papers are silent as to any decision by the state courts, trial or appellate, relating to the issue petitioner now raises. Since the judgment of conviction was allegedly entered in 1985, the petition is probably untimely and, in any case, does not raise a matter of constitutional dimension.

Accordingly, it is ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the petition be dismissed.

**#2**

_October 8, 2003_
DATE

_Rya W. Zobel_
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

in his office. The filing of the petition shall not require the respondent to answer the petition or otherwise move with respect to it unless so ordered by the court.

## ADVISORY COMMITTEE NOTES
### 1976 Adoption

Rule 3 sets out the procedures to be followed by the petitioner and the court in filing the petition. Some of its provisions are currently dealt with by local rule or practice, while others are innovations. Subdivision (a) specifies the petitioner's responsibilities. It requires that the petition, which must be accompanied by two conformed copies thereof, be filed in the office of the clerk of the district court. The petition must be accompanied by the filing fee prescribed by law (presently $5; see 28 U.S.C. § 1914(a)), unless leave to prosecute the petition in forma pauperis is applied for and granted. In the event the petitioner desires to prosecute the petition in forma pauperis, he must file the affidavit required by 28 U.S.C. § 1915, together with a certificate showing the amount of funds in his institutional account.

Requiring that the petition be filed in the office of the clerk of the district court provides an efficient and uniform system of filing habeas corpus petitions.

Subdivision (b) requires the clerk to file the petition. If the filing fee accompanies the petition, it may be filed immediately, and, if not, it is contemplated that prompt attention will be given to the request to proceed in forma pauperis. The court may delegate the issuance of the order to the clerk in those cases in which it is clear from the petition that there is full compliance with the requirements to proceed in forma pauperis.

Requiring the copies of the petition to be filed with the clerk will have an impact not only upon administrative matters, but upon more basic problems as well. In districts with more than one judge, a petitioner under present circumstances may send a petition to more than one judge. If no central filing system exists for each district, two judges may independently take different action on the same petition. Even if the action taken is consistent, there may be needless duplication of effort.

The requirement of an additional two copies of the form of the petition is a current practice in many courts. An efficient filing system requires one copy for use by the court (central file), one for the respondent (under 3(b), the respondent receives a copy of the petition whether an answer is required or not), and one for petitioner's counsel, if appointed. Since rule 2 provides that blank copies of the petition in the prescribed form are to be furnished to the applicant free of charge, there should be no undue burden created by this requirement.

Attached to copies of the petition supplied in accordance with rule 2 is an affidavit form for the use of petitioners desiring to proceed in forma pauperis. The form requires information concerning the petitioner's financial resources.

In forma pauperis cases, the petition must also be accompanied by a certificate indicating the amount of funds in the petitioner's institution account. Usually the certificate will be from the warden. If the petitioner is on probation or parole, the court might want to require a certificate from the supervising officer. Petitions by persons on probation or

parole are not numerous enough, however, to justify making special provision for this situation in the text of the rule.

The certificate will verify the amount of funds credited to the petitioner in an institution account. The district court may by local rule require that any amount credited to the petitioner, in excess of a stated maximum, must be used for the payment of the filing fee. Since prosecuting an action in forma pauperis is a privilege (see *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965), it is not to be granted when the petitioner has sufficient resources.

Subdivision (b) details the clerk's duties with regard to filing the petition. If the petition does not appear on its face to comply with the requirements of rules 2 and 3, it may be returned in accordance with rule 2(e). If it appears to comply, it must be filed and entered on the docket in the clerk's office. However, under this subdivision the respondent is not required to answer or otherwise move with respect to the petition unless so ordered by the court.

## Rule 4.    Preliminary Consideration by Judge

The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. <u>If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court,</u> the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.

## ADVISORY COMMITTEE NOTES
### 1976 Adoption

Rule 4 outlines the options available to the court after the petition is properly filed. The petition must be promptly presented to and examined by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in the district court, the judge must enter an order summarily dismissing the petition and cause the petitioner to be notified. If summary dismissal is not ordered, the judge must order the respondent to file an answer or to otherwise plead to the petition within a time period to be fixed in the order.

28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition. See 28 U.S.C. § 753(f) which authorizes payment for transcripts in habeas corpus cases.

# CONSTITUTION OF THE UNITED STATES

## ARTICLE VI Art. 6

**Debts; supremacy; oath**

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, <u>shall be the supreme Law of the Land</u>; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Senators and Representatives before mentioned, and the Members of the <u>several State Legislatures</u>, and <u>all executive</u> and <u>judicial Officers</u>, <u>both of the United States</u> and <u>of the several States</u>, shall be bound by Oath or Affirmation, to support this Constitution;

**# 3**

# Judicial

## OPINIONS OF THE UNITED STATES SUPREME COURT

**RELATED MATTERS**

**ON**

**AUTHENTICATION**

**The Seal**



If justice is the guardian of liberty, who are the guardians of justice?

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS



**The Seal**

Mandatory Authority

AUTHENTICATION

37

JUDICIARY & JUDICIAL
PROCEDURE
ORGANIZATION OF COURTS

28 USCS § 101

#4

## § 101.  Massachusetts

Massachusetts constitutes one judicial district.

Court shall be held at Boston, New Bedford, Springfield, and Worcester. (June 25, 1948, ch 646, § 1, 62 Stat. 882.)

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS



## The Seal
### OF
### AUTHENTICATION
### Mandatory Authority

### PROCESS



#5

Clerk: Tony Anastas, Suite 2300 (617) 748-9165
Chief Deputy Clerk: William L. Ruane, Jr., Suite 2300
(617) 748-9169

[Relative of]

PAUL RUANE, Deputy Supt.
Programs/Treatment, NCCI P.O.Box 466
500 Colony Road
Gardner, MA 01440

**28 USCS**

**1691.   Seal and teste of process**

All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof.

Aetna Ins. Co. v Doe ex dem. Hallock (Aetna Ins. Co. v Hallock) 6 Wall 556, 18 L Ed 948

Any process issuing from a court which by law is required to authenticate such process with its seal is void if issued without a SEAL

IN THE

## SUPREME COURT OF THE UNITED STATES

## The Seal of the Court

#6

A GEM SMALL EXPENSIVE AND INVALUABLE

SEALS

A . . . . . . . . . . . is not process issuing from a court and is not a writ within a Federal statute providing that all writs and processes issuing from courts of the United States shall be under the seal of the court from which they issue, shall be signed by the clerk thereof, and shall bear teste of the judge or of the clerk. Chisholm v Gilmer, 299 US 99, 57 S Ct 65,

81 L Ed 63

PROCESS

Wax is not necessary to the validity seal. It is the seal which authenticates and not the substance on which it is impressed; and where the court can recognize its identity, it should not be called upon to analyze the material which exhibits it. Pillow v Roberts, 13 How 472,

14 L Ed 228

In the absence of positive law prescribing otherwise, a seal imposed directly on paper in such a manner as to be readily identified upon inspection is sufficient without wax. Pierce v Indseth, 106 US 546, 1 S Ct 418,

27 L Ed 254

**35**

# FEDERAL

## RULES OF CIVIL PROCEDURE

## Rule 44.    Proof of Official Record

### (a) Authentication.

(1) **Domestic.** An official record kept within the United States, or any state, district, or commonwealth, or within a territory subject to the administrative or judicial jurisdiction of the United States, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by the officer's deputy, and accompanied by a certificate that such officer has the custody. The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of the officer's office.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEBASTIAN PARES-RAMIREZ )
)
)
)
PETITIONER, )
)
)
VS. )
)
)
COMMISSIONER )
MASS.DEPT. OF CORRECTION, )
SUPERINTENDENT, )
NORTH CENTRAL CORR. INST )
AT GARDNER, MASS., )
)
RESPONDENTS. )

*Civil Action*
HABEAS CORPUS ACTION
DOCKET NO, Δ3-11819-RWZ

REC. DOCKET NUMBER
OCTOBER 8, 2003

SEPTEMBER 1,2003

PETITION FOR WRIT OF HABEAS CORPUS
AD SUBJICIENDUM (THE GREAT WRIT)
AGAINST FALSE IMPRISONMENT IN
STATE PRISON BY A COURT WITHOUT
FUNDAMENTAL*JURISDICTION

1. NOW COMES SEBASTIAN PARES-RAMIREZ, THE PETIONER, PRO SE,

AND MOVES THIS COURT TO ISSUE THE GREAT WRIT OF HABEAS CORPUS

FOR REASONS WITHERE THE TRAIL COURT WAS WITHOUT FUNDAMENTAL

JURISDICTION AVER THIS PERSON NOR AVER THE SUBJECT

2. SEE: TITLE 28 U.S.C.S.§2254 ET SEQ. CONTROLLING THE
HABEAS CORPUS PROCEEDING IN THE "GREAT WRIT".

3. 517 U.S.____,
LONCHAR V. THOMAS,
134 L.ED 2D.44,116 S.Ct_____(1996)
"SECOND, THE FACT THAT WRIT HAS BEEN CALLED
AN "EQUITABLE" REMEDY ... DOES NOT AUTHORIZE A
COURT TO IGNORE THIS BODY OF STATUTES, RULES,
AND PRECEDENTS."

" DISMISSAL OF A HABEAS PETITION IS A PARTICULARLY
SERIOUS MATTER, FOR THAT DISMISSAL DENIES THE
PETIONER THE [P]ROTECTIONS OF THE [GREAT WRIT]
ENTIRELY, RISKING INJURY TO AN IMPORTANT INTEREST
IN HUMAN LIBERTY.,

(1)

4.    Petitioner claims that the **FATALLY DEFECTIVE INDICT-**

**MENTS** are: 1.    DEFECTIVE INDICTMENT #84-2306; which was
returned from the grand jury during the
first Monday of October 1984;
        **EXECUTED WITHOUT THE WAFER-
        SEAL OF AUTHENTICATION AFFIXED;**

        2.    DEFECTIVE INDICTMENT #84-2397; which was
returned from the grand jury during the
first Monday of October 1984;
        **EXECUTION WAS MADE WITHOUT THE
        SEAL OF THE COURT AFFIXED FOR
        AUTHENTICATION:**

*SEE: PAGES 29 THRU 33*

5.    Petitioner claims that the trial court was **WITHOUT**

**"COMPETENT JURISDICTION"** (MGL,chap.212,§26) due to the

**MISSING WAFER-SEAL OF AUTHENTICATION BEING AFFIXED UPON**

**THE INDICTMENTS, AT THE TIME OF BEING EXECUTED IN THE**

**PRESENCE OF THE TRIAL COURT.** The court **WAS NOT** a court

of fundamental jurisdiction over the petitioner nor the

(defunct) indictments.'

# Dukette v. Perrin, 564 F.Supp. 1530.**1983.**

Habeas corpus relief is
available where indictment is so defective as to
deprive trial court of jurisdiction.

MASS.GEN.LAW,CHAPTER 4,§9B:
  (IMPRESSION-SEAL)

AUTHENTICATION

PROCESS: SEAL OF THE COURTS

Trial judge
Signature and Seal Mandatory;
Unsealed instrument effect:
Null and Void without ANY
AUTHENTICATION

[MANDATORY]



( 4 )

(6)      Clerk Of Court FAILED TO AFFIX THE WAFER-SEALS OF THE

MIDDLESEX COUNTY SUPERIOR COURT upon THE FACE or REVERSE

SIDES OF [EACH] INDICTMENT.

(7)      Petitioner claims that the ESTABLISHED LAWS mandates

that 'JURISDICTION' OVER THE PROCEEDINGS, RELY UPON THE

WAFER-SEALS OF AUTHENTICATION:

### UNION SAVINGS BANK v. CAMERON,

#### MASS.235,(1946)

"IT APPEARS TO US, THAT THE CONSIDERATION,
THAT A PARTICULAR WRITTEN DOCUMENT (INDICT-
MENT) CONSTITUTES  THE BASIS OF JURISDICTION
OF A COURT ...IT IS THE FOUNDATION OF THE
(CRIMINAL) ACTION BY WHICH THE DEFENDANT IS
BROUGHT INTO COURT ... IT MUST CONFORM TO
REQUIREMENTS PROVIDED BY LAW. CONSTITUTION
(OF MASS.), PART THE SECOND, CHAPTER 6, ART.5."

(emphasis added) (pages 236,238)



§9A:    Title 28 USCS §1738;
Mass.Const.Pt.2nd c.6,art.5;
Mass.Gen.Law,c.4,§9A;§9B;
Mass.Gen.Law,c.9,§11;
Mass.Gen.Law,c.212,§26;
Mass.Gen.Law,c.213,§13;
Mass.Gen.Law,c.218,§35;§4;§44;
Mass.Gen.Law,c.233,§13A;
Mass.Gen.Law,c.233,§76;
Mass.Gen.Law,c.279,§43;



§9B:

(8)      Petitioner claims that the LAW OF THE LAND  ruled by

the UNITED STATES DISTRICT COURTS, and invoked into [t]his

Court's Jurisdiction , held, IN RELEVANT PORTIONS TO [t]his

case: BREWER v. SIBLEY 54 Mass. 175, 13 Metc. 175:

"DEWEY, J. THE OMISSION TO AFFIX A PROPER SEAL TO
A WRIT (or process) ISSUING FROM THIS COURT, IS SUCH
ERROR AS WILL ABATE (abort and nullify) THE WRIT (or process)
IF THE OBJECTION BE PROPERLY TAKEN.  Hall v. Jones. 9 Pick
446."

(5)

(9)

## Mandatory Authority

Courts *must* follow mandatory authority. There are two broad categories of mandatory authority: (a) enacted law   e.g., a statute, a constitutional provision, an ordinance, a regulation; and (b) other court opinions.

## SUPREME COURT OF THE UNITED STATES

### UNITED STATES v ADDONIZIO
442 US 178, 60 L Ed 2d 805, 99 S Ct 2235

[4] Under § 23.   the sentencing court is authorized to discharge a defendant if it concludes that it "was without jurisdiction to impose such sentence

811

Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction. See, e.g., Ex parte Watkins, 3 Pet 193, 202–203, 7 L Ed 650 (Marshall, C. J.).

the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v United States, 368 US 424, 428, 7 L Ed 2d 417, 82 S Ct 468.

(6)

(10)

# UNITED STATES v. SIVIGLIA

833

### Cite as 686 F.2d 832 (1981)

## 1. Criminal Law ⟺1033(1)

Jurisdictional questions are of primary consideration and can be raised at any time by courts on their own motion.

## 2. Criminal Law ⟺99

Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred on a court by consent, inaction or stipulation.

## 3. Criminal Law ⟺100(1)

A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.

### SUPREME COURT OF THE UNITED STATES
#### WASHINGTON, D.C.

(11)

## § 12 Fraud in procuring service.

Any process issuing from a court which by law is required to authenticate such process with its seal is void if issued without a seal. Aetna Ins. Co. v Doe ex dem. Hallock (Aetna Ins. Co. v Hallock) 6 Wall 556,



18 L Ed 948

### Void
### Judgments
## Writ and Process

(12)

"Void process," for purposes of action for false arrest or imprisonment, is defined as that which court has no power to award, or has not acquired jurisdiction to issue in particular case, or which does not in some material respect comply in form with legal requisites of such process, or which loses its vitality in consequence of noncompliance with condition subsequent, obedience to which is rendered essential.

(13)    Petitioner claims that the trial court and the clerk, and assistant clerks INTENTIONALLY FAILED to prepare MITTIMUS as this CRIMINAL PROCEDURE (below) MANDATES all elements of "AUTHENTICATION" be executed upon [E]ach MITTIMUS before de-lery to the prison officials;

## Rule 40    RULES OF CRIMINAL PROCEDURE

## PROOF OF OFFICIAL RECORDS

(14)    *(Applicable to District Court and Superior Court)*

(a) Authentication.

(1) *Domestic.* An official record kept within the Common-wealth, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having legal custody of the record, or by his deputy. If the record is kept in any other state, district, commonwealth, terri-tory or insular possession of the United States, or within the Panama Canal Zone or the Trust Territory of the Pacific Islands, any such copy shall be accompanied by a certificate that such custodial officer has the custody. This certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenti-cated by the seal of his office.

[TITLE 28 USCS §1738.]

[MASS.GEN.LAW,c.212,§26]

[MASS.GEN.LAW,c.218,§4,§44.]

(9)

# THE CODE OF THE LAWS

### OF THE

# UNITED STATES OF AMERICA

(15)

MGL, CH. 212 §26.



# WASHINGTON

The CONGRESS OF THE UNITED STATES,

ENACTED LAW AS

## Mandatory Authority



### 28 USCS § 1738

## § 1738.   State and Territorial statutes and judicial proceedings; full faith and credit

The Acts of legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

(June 25, 1948, ch 646, § 1, 62 Stat. 947.)

*Judicial Authentication*

EXHIBIT

(10)



# The Seal
### OF
### AUTHENTICATION

## The Constitution of the Commonwealth of Massachusetts

( 16 )

PART the SECOND.

THE FRAME OF GOVERNMENT.

CHAPTER VI.



---

Pt. 2. C. 6     CONSTITUTION OF MASSACHUSETTS

### Art. IV.    Form and execution of commissions

ART. IV.  All commissions shall be in the name of the Commonwealth of Massachusetts, signed by the governor and attested by the secretary or his deputy, and have the great seal of the commonwealth affixed thereto.

OATHS, SUBSCRIPTIONS, ETC.        Pt. 2, C. 6
                                   Art. 5

### Art. V.    Form and execution of writs

ART. V.  All writs issuing out of the clerk's office in any of the courts of law, shall be in the name of the Commonwealth of Massachusetts: they shall be under the seal of the court from whence they issue: they shall bear test of the first justice of the court to which they shall be returnable, who is not a party, and be signed by the clerk of such court.



A TRUE COPY
OF THE ...
IN WI...
set my ...
of the S...
or ... 
fifth        day of February 19 90

Ass't                Clerk

(17)

HAMPDEN COUNTY
SUPERIOR COURT

*Exhibit*

| | | |
|---|---|---|
| August 1 | | Warrant Recalled |
| | | Drug Rights Given. |
| 89 Aug. 30 | 5 | Appearance-George L. Pierce, for the defendant. |
| | 6 | Notice of Assignment of Counsel. |
| | 7 | Motion to dismiss. |
| | 8 | Affidavit in suppor tot mot. to dismiss. |
| | | End. on #7--Denied. (Moriarty, J.) |
| | 9 | Entry of Nolle Prosequi. |

A TRUE COPY

...
...
... February   90
eighth ...
                    Ass't Clerk

(12)



# Commonwealth of Massachusett

## Authentication.
## Proof of Official Record

Exhibit

(18)

THE

## SEAL *Mandatory*

Authenticated by the seal of the court

The writ should bear the seal of the court authorized to issue it, and a writ bearing an improper seal is regarded as though it bore no seal. Courts hold that an omission of the seal renders the writ void and ineffective to confer jurisdiction.

(19)

212 § 26    SUPERIOR COURT

# GENERAL LAWS OF MASSACHUSETTS

§ 26. Records; custody

The records of courts which are transferred to the superior court shall remain in custody of its clerks. In Suffolk county, the clerk of said court for civil business shall have the custody of said records in civil cases, and the clerk for criminal business shall have the custody of said records in criminal cases. Copies of said records may be certified by said clerks respectively. Judicial writs and processes which are founded upon such records shall issue under the seal of the superior court, in like manner and with the same effect as similar writs and processes founded upon its own records.

THIS [LAW] IS CLEAR AND UNAMBIGUOUS

(13)

EXHIBIT

Exhibit



**Mandatory**

SINE QUA NON:
(INDISPENSABLE)
TO ESTABLISH
VALIDITY TO ALL
JUDICIAL PROCESS.

**Laws**

(20)

MASS.GEN.LAW,
212 § 26

SUPERIOR COURT

## § 26. Records; custody

The records of courts which are transferred to the superior court shall remain in custody of its clerks. In Suffolk county, the clerk of said court for civil business shall have the custody of said records in civil cases, and the clerk for criminal business shall have the custody of said records in criminal cases. Copies of said records may be certified by said clerks respectively. <u>Judicial writs and processes</u> which are founded upon such records <u>shall issue under the seal of the superior court</u>, in like manner and with the same effect as similar writs and processes founded upon its own records.

(21)

MASS.GEN. LAW,
[CHAP. 218.]

*(Applicable to District Court and Superior Court)*

218 § 4.    Courts of record; jurisdiction; seal. District courts shall be courts of record. They shall be courts of superior and general jurisdiction with reference to all cases and matters in which they have jurisdiction, and no order, decree, judgment, sentence, warrant, writ or process made, issued or pronounced by them need set out any adjudication or circumstances with greater particularity than would be required in other courts of superior and general jurisdiction, and the like presumption shall be made in favor of proceedings of such courts as would be made in favor of proceedings of other courts of superior and general jurisdiction. Each district court shall have a seal, which shall be in the custody of its clerk, and shall be affixed to all processes issued by such court requiring a seal.

218 § 44.    Process; formal requisites; territorial jurisdiction. Processes issuing from district courts shall be under the seal of the court,

(14)

***mandatory***

**Authentication.**
Proof of Official Record

(22)

1984 May 4        Walpole

        7         Notified Morse, Chief Justice, Porada, Justice and the Appeal
                  Division

A TRUE COPY OF THE DOCKET MINUTES



IN WITNESS WHEREOF, I HEREUNTO SET MY HAND
AND HAVE CAUSED THE SEAL OF SAID COURT TO BE
AFFIXED ON THIS SEVENTH DAY OF MAY IN THE YEAR
OF OUR LORD ONE THOUSAND NINE HUNDRED AND
EIGHTY—FOUR.

_____
            ASSISTANT CLERK

THE
**SEAL**
Authenticated by the seal of the court

The writ
should bear the seal of the court authorized to
issue it, and a writ bearing an improper seal is
regarded as though it bore no seal.
Courts hold that an omission of the seal renders
the writ void and ineffective to confer jurisdic-
tion.

# The Seal
# of the
# Court



## COURTS AND JUDICIAL OFFICERS
### Criminal Jurisdiction
### Orders or decrees

(23)

**AVERY v. KANE GAS LIGHT AND HEATING COMPANY**

Cite as 403 F.Supp. 14 (1975)

17

The printed form containing the printed word "SEAL" or "L.S." is a trap for the unwary as is dramatically demonstrated by the instant case."

However, no person should be deemed to have sealed a document where the word 'SEAL' or 'L.S.' is on a form printed document designed and used for the convenience of the

.    .   ."