# Exhibit Only

Exhibit

(24)

82·2279

COMMONWEALTH

vs.

MURDER

(265–1)

HAMPDEN, ss, Superior Court

.....August..... Siting, A. D. 1982

Returned by the Grand Jury and filed by order of Court

ATTEST: *Elizabeth R Jangrow*  Clerk

A true copy.
Attest:

## COMMONWEALTH OF MASSACHUSETTS

DEN, SS.

I, ELIZABETH R. JANGROW, ASSISTANT CLERK, of the Superior Court for the Co
ampden, do certify that this Indictment was found by the grand jurors of th
onwealth of Massachusetts, attending said Court, at the May Sitting
eof, holden at Springfield, in said County, on the first Monday of May
he year of our Lord one thousand nine hundred and eighty-two, and was
rned by said grand jurors into said Court on the twelfth day of August
aid year one thousand nine hundred and eighty-two.

ITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said
Court, this twelfth day of August A.D. 1982.

*Mandatory Authentication*



CONTEST:    *Elizabeth R Jangrow*
            ASSISTANT CLERK
A true copy.
Attest:      *Elizabeth R Jangrow*
            ASSISTANT CLERK

(17)

# Right To Contest Illegal

## Void
## Warrants
## Judgements

**FRUITS OF THE POISONOUS TREE**

(25)

### Mittimus. — Massachusetts Correctional Institution,

**Mittimus** /mídəməs/. The name of a precept in writing, issuing from a court . . .        directed to the sheriff or other officer, commanding him to convey to the prison the person named therein, and to the jailer, commanding him to receive and safely keep such person until he shall be delivered by due course of law.

Supreme Judicial Court of Massachusetts, Middlesex.

Argued Feb. 6, 1985.

Decided June 10, 1985.

## TEMPLE v. MARLBOROUGH DIV. OF DIST. COURT
### Cite as 479 N.E.2d 137 (Mass. 1985)

**140**  Mass.

"Order of Commitment," No. 4–1980, signed by the                Court judge.

(18)

Commonwealth of Massachusetts

Middlesex, ss.

To the Sheriffs of our several Counties, their Deputies, and to
the Superintendent of the Massachusetts Correctional Institution,
Concord —

(26)

GREETING:

WHEREAS, by the consideration of our Superior Court, holden
within and for the County of Middlesex, on the first Monday of _____ at Cambridge
in the year of our Lord one thousand nine hundred and eighty _____
custody of the Sheriff of our said County of Middlesex, now being _____ by
virtue of Writ of Habeas Corpus convict of the crime of _____
_____ CHAP. _____ SEC. _____
was on the _____ day of _____ in the year of our Lord
one thousand nine hundred and eighty-seven _____, sentenced to
confinement in the Massachusetts Correctional Institution, _____
Concord — _____, for a term _____ of _____ years
or less than _____ years, and to stand committed accordingly
_____
_____
_____, this sentence is to take
effect from and after the expiration of the sentence now being served, in said
institution. _____ 05 3206 _____ Nunc Pro Tunc _____ April _____ 87

This sentence is deemed by the Court to have commenced on _____
The defendant having spent _____ 155 _____ days in confinement prior to such
sentence awaiting and during trial.

WE THEREFORE COMMAND YOU, the said Sheriff and Deputies to remove the said
_____ from our jail in Cambridge, in said County
of Middlesex, to our said Massachusetts Correctional Institution in _____
Concord — _____, and you the said Superintendent to receive the
said _____ and immediately thereon cause him to be confined
therein for a term of _____ years _____
_____.

And for so doing, this shall be your warrant. And you are to make return of
this warrant with your doings therein to the office of the Clerk of the Superior
Court in Cambridge, as soon as may be.

Witness, _____ Thomas R. Morse _____, Esquire, at Cambridge, this _____
day of _____ in the year of our Lord one thousand nine hundred and
eighty-eight

_____ John E. _____

_____ Guy Volterra _____

_____ Associate Justice _____

_____ Superior Court _____

Judge's Signature

JUDGE GUY VOLTERRA

Exhibit

(19)

(27)

<u>WILLIAMS v. DEWEY</u>,
<u>178 N.E.2d 808</u>
(OHIO)

"THE TERMS, "<u>SIGNED</u>" AND "<u>EXECUTED</u>"
ARE NOT SYNNONMOUS."

"THE WORD, "<u>EXECUTE</u>" IS A BROADER TERM
THAN THE WORD "<u>SIGN</u>".

"<u>TO SIGN MEANS</u> TO <u>AFFIX A SIGNATURE TO</u>
<u>OR WRITE ONE'S NAME</u>."

"TO "<u>EXECUTE</u>", <u>IN LAW</u>, MEANS TO COMPLY
OR TO PERFORM WHAT IS REQUIRED TO GIVE
<u>VALIDITY TO AN INSTRUMENT,AS BEING SIGNED</u>,
<u>SEALED</u>, AND <u>DELIVERED.</u>"

(EMPHASIS ADDED)

For the [p]ersonal signing consists of both
the ACT OF WRITING ONE'S NAME AND THE INTENTION IN DOING
THIS TO EXECUTE AND AUTHENTICATE THE INSTRUMENT.



OFFICIAL OPINIONS

FROM THE

Supreme Judicial Court

of Massachusetts

(28)

COMMONWEALTH *vs.* PELLEGRINI.  405 Mass. 86 (1989)

92

For these [91] reasons, as a general rule, warrants must be signed by the authorizing authority.

> A warrant unsigned by a judge is a nullity, void on its face, and void ab initio. *Kelley* v. *State*, 55 Ala. App. 402, 403 (1975). *State* v. *Vuin*, 185 N.E.2d 506, 510 (Ohio Ct. C.P. 1962). See *State* v. *Spaw*, 18 Ohio App. 3d 77, 79 (1984). Such a warrant is invalid because "it shows on its face that it lacks the signature of any [judge or] magistrate, such being the only authorized officer to put life in the paper." *Kelley* v. *State, supra* at 404.

Article 14 of the Massachusetts Declaration of Rights states that "no warrant ought to be *issued* but in cases, and with the formalities prescribed by the laws" (emphasis added).

A judge or magistrate "issues" a warrant only when he or she signs the appropriate document and entrusts it to the proper person. *People* v. *Hentkowski*, 154 Mich. App. 171, 177 (1986). Although the parties here have stipulated that the judge intended to sign the warrant but failed to do so by inadvertence, I conclude that the judge could not "issue" the warrant until he signed the document. "[A] lawful signature on the warrant by the person authorized to issue it [is] essential to its issuance." *State* v. *Surowiecki*, 184 Conn. 95, 97 (1981) (citing various authorities for the proposition). See *People* v. *Hentkowski, supra* at 177 (judge inadvertently failed to sign warrant).

Middlesex. February 7, 1989. — June 12, 1989.
Present: WILKINS [...]

## STATE v. DICKEY
Cite as 599 N.E.2d 763 (Ohio App. 12 Dist. 1991)
### 599 N.E.2d 763 (1991)

(29)

In *State v. Ginocchio* (1987), 38 Ohio App.3d 105, 526 N.E.2d 1366, this court set forth the requirements necessary for a trial court to establish a valid judgment entry pursuant to Crim.R. 32(B). In order to properly apprise this court of the judgment from which an appeal is taken, we held that a trial court must prepare a formal final journal entry or order which contains:

"1. the case caption and number;

"2. a designation as a decision or judgment entry or both;

"3. a clear pronouncement of the court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion;

MANDATORY———— "4. the judge's signature; and

"5. a time stamp indicating the filing of the judgment with the clerk for journalization." *Id.* at 106, 526 N.E.2d at 1367–1368.

Failure to comply with these formalities results in the lack of a final appealable order.

(22)

# REPORTER®

*Legislative Action
Reports and Proposa*

*A Weekly Review of Developments in Criminal Law*

THE BUREAU OF NATIONAL AFFAIRS, INC.                    Volume 48, No.

## IN THE COURTS

(State (Ohio) v. Williams, Ohio
SupCt, No. 89-2204, 1/9/91)

(30)

### Warrants — Absence of issuing judge's signature — Absence of judicial seal

A warrant that lacks the issuing judge's signature is void ab initio, a majority of the Ohio Supreme Court declared January 9. The majority disagreed with some other courts that a judge's failure to sign a warrant may be treated as a "mere oversight" that does not render it invalid. For one thing, it noted, Ohio law prescribes the form of a        warrant, and the sample form in the state code provides that a warrant "shall command" the executing officer to        the named place or person. "A command without a known commander cannot be a command," the majority reasoned. Moreover, "[t]he signing of a        warrant is the only identifiable objective manifestation of a judge's subjective intent to issue a        warrant." Additionally, knowledge that a warrant has been properly issued is necessary to best effectuate the constitutional right to be free from unreasonable searches, the majority said, and "[w]ithout having the signature of the authorizing magistrate affixed to the warrant, a citizen is left to guess whether such a warrant has validity."

(23)

# EDWARDS v. VERMILLION COUNTY HOSP.
## Cite as 576 N.E.2d 1285 (Ind.App. 1 Dist. 1991)

## False Imprisonment

(31)    All that need be averred or shown to sustain cause of action for false arrest or imprisonment is deprivation of one's liberty without legal process.

"Void process," for purposes of action for false arrest or imprisonment, is defined as that which court has no power to award, or has not acquired jurisdiction to issue in particular case, or which does not in some material respect comply in form with legal requisites of such process, or which loses its vitality in consequence of noncompliance with condition subsequent, obedience to which is rendered essential.

(24)



# OFFICIAL OPINIONS

### FROM THE

## Supreme Judicial Court

## of Massachusetts

ROCKDALE MANAGEMENT CO., INC., & others[1] *vs.*
SHAWMUT BANK, N.A.

(32)              · 418 Mass. 596

Bristol. May 2, 1994. - August 12, 1994.

<u>Fraud on the court occurs where a party tampers with the fair administration of justice by deceiving "the institutions set up to protect and safeguard the public" or otherwise abusing or undermining the integrity of the judicial process.</u> *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

When a fraud on the court is shown through clear and convincing evidence to have been committed in an ongoing case, the trial judge has the inherent power to take action in response to the fraudulent conduct. The judge has broad discretion to fashion a judicial response warranted by the fraudulent conduct. Dismissal of claims or of an entire action may be warranted by the fraud, see, e.g., *Aoude, supra* at 1118, as may be the entry of a default judgment, see, e.g., *Eppes v. Snowden*, 656 F. Supp 1267, 1279 (E.D. Ky. 1986).

# TRIAL COURT
# OF MASSACHUSETTS
## Judge approves fraud in Court

### DEMJANJUK v. PETROVSKY
#### Cite as 10 F.3d 338 (6th Cir. 1993)

(33)

[2]  The Special Master set forth the elements of fraud upon the court as consisting of conduct:

1. On the part of an officer of the court;

2. That is directed to the "judicial machinery" itself;

3. That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;

4. That is a positive averment or is concealment when one is under a duty to disclose;

5. That deceives the court.

As shown by his description of the third element, and repeated in his opinion, the master held that the intent requirement "is satisfied by proof of actual intent to defraud, of wilful blindness to the truth, or of *a reckless disregard for the truth.*"  S.M. Report at 185–86, 190 (emphasis added).



OFFICIAL OPINIONS

FROM THE

Supreme Judicial Court

of Massachusetts

WAX *v.* McGRATH.

(34)

[255          342

false imprisonment, which consists in imposing by force or threats an unlawful restraint upon freedom of movement. *Wood* v. *Graves*, 144 Mass. 365. If the arrest was found illegal, the detention at the station and in a cell was also illegal, and a continuing tort for which the defendant is responsible. *Bath* v. *Metcalf*, 145 Mass. 274. It follows, that the restraint of the plaintiff against his will was wrongful, and constituted a false imprisonment unless justification was shown by the defendant on whom the burden of proving it rested.

PETITIONER STATES UNDER PAINS AND PENALTY
OF PERJURY THAT ABOVE FACTS,LAWS AND EXHIBITS
ARE TRUE TO THE BEST OF MY KNOWLEDGE,
(MGL, CHATER, 248§3.)

Sept. 1, 2003          *Sebastian Pares Ramirez*
                       Sebastian Pares-Ramirez
                       NCCI P.O. Box 466
                       Gardner, Mass 0140-0466

(27)

ILLUSTRATION ON [KEY] ELEMENTS
FOR <u>AUTHENTICATION</u> OF INDICTMENT(S)
REQUIRED BY LAW BEFORE COMPETENT JURISDICTION
CAN BE ESTABLISHED UPON THE TRIAL COURT PROCEEDINGS

PROCEEDINGS IN CRIMINAL CASES

MASS. GEN. LAW, CHAPTER 277

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
COURT DEPARTMENT of the TRIAL COURT, begun and holden at the
City of Boston, within and for the County of Suffolk, for the
transaction of criminal business, on the first Monday of
███████, in the year of our Lord one thousand nine hundred
and eighty-█████.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS <u>on their oath</u>
present that

██████████████████

on ███████ ██, 198█, not being authorized by Chapter 94C of
the General Laws of Massachusetts, did unlawfully, knowingly
and intentionally possess with intent to distribute a certain
controlled substance, to wit: heroin, a Class A controlled
substance under the provisions of Section 31 of said Chapter
94C.

A BILL.

_Assistant District Attorney._      _Foreman of the Grand Jury._

05██/86███

I hereby certify that the foregoing is a true copy of
the record of the Superior Court Department of the Trial Court,
for the Transaction of Criminal Business.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix
the seal of said Superior Court, at
Boston aforesaid, this ████████
day of ████████ in the
year of our Lord one thousand nine
hundred and eighty-█████.

_Assistant Clerk._

[ENDORSEMENTS THERON

"A TRUE BILL"
SIGNED BY
FOREPERSON
OF GRAND
JURY
&
PROSECUTOR

THE REQUIRED
[J]URAT
BY THE CLERK
OF SUPERIOR
COURT

THE (GOLDEN) WAFER
SEAL AFFIXED BY THE
CLERK OF COURT (THE KEEPER OF THE SEAL OF THE COURT)

EXHIBIT

(28)

RA. 1

# Commonwealth of Massachusetts

MIDDLESEX, TO WIT:

At the SUPERIOR COURT, begun and holden

at the CITY OF CAMBRIDGE,

within and for the County of Middlesex,

on the   First   Monday of   October   in the year of our

Lord one thousand nine hundred and eighty- four

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present, That

Sebastian Pares also known as Sebastian Pares-Ramirez

on the   Seventeenth   day of   July

in the year of our Lord one thousand nine hundred and eighty- four

at   Lowell   , in the County of Middlesex aforesaid.

did assault and beat Luis Ramirez with intent to murder him by shooting him with a hand gun and by such assault and beating did kill and murder Luis Ramirez.

Against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided.

A true bill.

District Attorney.

Foreman of the Grand Jury.

D. A. 49!                19)   (29)

Ch. 265, sec.1
Murder

**COMMONWEALTH**

*vs.*

Sebastian Pires aka

SUPERIOR COURT.   October Sitting, 1984

____ day - Returned by the Grand Jury and filed in Court.

*John C. Zerbaldt* (signature)

Assistant Clerk.

1984 ___ day Defdt is ____ arraigned and severally pleads not guilty.

190—

A jury is empanelled ___ Defendant is ordered to recognize in the sum of $50,000 - with two sureties, one surety if cash, cash, - Bank book, or Professional Bondsman. recognizance requested ____ Mittimus issued not recognizing.

Continued until November 29 1984 conference day agreement @ ____ Lowell

NOV 29 1984
Continued until Pires is 7/11/84 from ____ Lowell

DEC 10 1984
The bail imposes is ___ 10/11/___
11 ___
by fleent
E.M.J.

The defendant is recommitted to the Custody of the Sheriff and held without bail for ____ E.M.J.

by fleent
E.M.J.

Continued until Pires is 21/11/84 at Lowell

JAN 4 1985
The bail imposed on December 1984 is this day revoked ___ by the Court.
E.M.J.

Defendant is ordered to recognize in the sum of $150,000 with two sureties, one surety if cash, $150,000 Bank book, or Professional Bondsman.

Mittimus issued not recognizing.

Continued until January 10 1985 for Status at Lowell

FEB 14 1985
Continued until February 30 1985

FEB 25 1985
___ntinued until March 14 1985 ___ filing of motions

___ntinued until March 21 1985 for motions

AR 21 1985
___tinued until March 28 1985 for motions

AR 28 1985
___tinued until April 23 1985

APR 23 1985
___ued until May 7 1985 motions

MAY 7 1985
___tinued until May 8 1985 motions
AY 8 1985
___tinued until May 17 1985
G.f. Lowell

6. May 13. Hebeas corpus ____ received 5/7/85.

___ for the Court hear and in deliberation

___ 2-5 JAMES H REINHOLD
3-9 WILLIAM A DUNN
3-12 NICHOLAS PACOZZINO
4-7 KAREN E KNOWLES

(30)

VOID! No Seal Affixed

RA. 4

# Commonwealth of Massachusetts

MIDDLESEX, TO WIT:

At the SUPERIOR COURT, begun and holden

at the CITY OF CAMBRIDGE,

within and for the County of Middlesex,

on the **First** Monday of **October** in the year of our

Lord one thousand nine hundred and eighty- **four**

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present, That

**Sebastian Pares also known as Sebastian Pares-Ramirez**

on the **Seventeenth** day of **July**

in the year of our Lord one thousand nine hundred and eighty-**four**

at **Lowell** , in the County of Middlesex aforesaid,

did unlawfully carry on his person or under his control in a vehicle a firearm, loaded or unloaded, without authority and permission so to do.

Against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided.

A true bill.

District Attorney.

Foreman of the Grand Jury.

D. A. 001

(13)    (31)

RA. 5

FEB 25 1985

Continued until March 31 1985
for motions

MAR 21 1988

Continued until March 28 1985

MAR 28 1985

Continued until April 23 1985

APR 23 1985

Continued un...    May 7, 1985
for motion

MAY 7 1988
Continued until May 8 1985

MAY 8 1985
Continued un. May 17 1985

1985 July 17
after the Court allowed
before deliberations

Jurors: 2-3 James H. Henrahan Jr.
3-5 William R Dunn
3-12 Nicholas Pazzazine
1-7 Karen E. Knowles
were deliberated Bernard Pinell(?)
1985 July 18
Verdict — Guilty
Commenced answer for Burbank

COMMONWEALTH

vs.

Sebastian Pares aka

Ch. 269, sec. 10(a)
Carrying Firearm

SUPERIOR COURT    October    Sitting, 1984

8th    day - Returned by the Grand Jury and
filed in Court.

Jack C. Urbeault
Assistant Clerk.

1985 ... 23 Dflx.    is    arraigned
and severally pleads    not guilty.

108    A jury is empanelled, viz.

Continued until    November 14 1981
for arraignment by stipulation

NOV 20 1984
Continued until    December 10 1984

DEC 10 1984
Continued until December 11 1984

JAN 4 1985
Continued...

**VOID! No Seal Affixed.**

MOTION — GEORGE Jennison

A TERM not ...

ELLE
THREE E ... RS, OR LESS    YEARS.

... to be served concurrently with
sentence imposed this day in # 84 - 2306

HIS SENTENCE IS DEEMED BY
THE COURT TO HAVE COMMENCED

... THE DEFENDANT

...WING BEEN IN CONFINEMENT

... DAYS. MITTS ISSUED.

... THE COURT.

Barbara J. Rockwell
ASSISTANT CLERK

... July 18
... notified by Clerk in open
... of his right to Appeal to the
... to the "Appellate Division of the Su-
or Court" for a review of sentence as provided
L. Chap. 278, Sec. 28A, B, C & D.
Boston    ))

...dant notified in open court of his right to
...to the Supreme Judicial Court Appeals Court

(32)

RA. 3

VOID !

no Seal affixed.

Verdict – Guilty of Murder 2ND Degree

Commonwealth moves for sentence

SENTENCE -- MASSACHUSETTS CORRECTIONAL

INSTITUTION....CEDAR Junction

FOR A TERM NOT EXCEEDING

LIFE _____ YEARS, UNLESS

THREE _____ YEARS

THIS SENTENCE IS DEEMED BY:

THE COURT TO HAVE COMMENCED

ON _____ THE DEFENDANT

HAVING BEEN IN CONFINEMENT

_____ DAYS, MITTS ISSUED.

BY THE COURT.

BARTON _____
ASSISTANT CLERK

OVER

endant notified in open court of his right to
eal to the Supreme Judicial Court Appeals Court

ndant committed into custody of
Mitts issued.

5 July 19

(33)

COMMONWEALTH   OF   MASSACHUSETTS

MIDDLESEX,SS:                                        SUPERIOR COURT

CIVIL DIVISION

NO. 87-2958

Judge Joseph S. Mitchell
Superior Court - 11th Floor
New Court House
Boston, MA 02108
617-725-8146

KEITH CANADA                          )
                                      )
            PETITIONER,               )
                                      )
VS.                                   )
                                      )
MICHAEL T. MALONEY                    )
SUPT.MCI WALPOLE (CJ),

            RESPONDENT.

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 21 1987

PETITION FOR WRIT OF HABEAS CORPUS

AD SUBJICIENDUM AGAINST ILLEGAL CUSTODY

*A WINNER!* (handwritten)

    I, KEITH CANADA, do hereBy  files the instant petition

for the writ of habeas corpus ad suBjiciendum(immediate release

from false imprisonment WHICH WILL OCCUR WITHIN THE NEXT (4)

DAYS.

    JURISDICTION of this HonoraBle Court is invoked pursuant

to the U.S. CONSTITUTION and all federal laws of the Land;  the

CONSTITUTION OF MASSACHUSETTS, MASS. GENERAL LAW, CHAP.248,1-

inclusively.

*1987 May 29* (handwritten)
*Petition Allowed* (handwritten)
*(Mitchell J)* (handwritten)

(handwritten marginalia, right side): *Canada was released til the Court House to home wayne Emter assistant clerk*

(handwritten marginalia, left side): *Filed in Court and the Court hereBy Waive all entry fees By the Court (Mitchell J) Waive afees from Respondent's Request. Wayne Emerson Assistant Clerk*

Year of Admission to the Bar  1953
Year Appointed Judge  1966
Date of Birth  August 26, 1925
Law School  Boston University Law  Yr. of Grad  1952
College  Bates College  Yr. of Grad  1949
Previous Employment  General practice
Military  1944 to 1946, Sgt., U.S. Army
Civic Activities  Board of Trustees of various organizations
Hobbies and Interests  Tennis

EXHIBIT
A

(34)

1 MONTH TO BE SERVED AT THE MAXIMUM OF MY SENTENCE.

7.    I was never allowed parole release and have Been incarcerated JUNE 1,1983, serving this 5-7 yrs.term. I was never allowed mimimum custody status and have Been confined only in MAXIMUM CUSTODY AT MCI-WALPOLE and on two occasions I was confined in MEDIUM CUSTODY at MCI NORFOLK, before it was revised into a LOWER MAXIMUM FACILITY as it is now in de facto.

8.    FOR ALL TIMES IN THE PAST, prison officials and staff personnel have computed my DATE FOR RELEASE to Be "5-6-87" (MAY 6,1987).

9.    I HAVE EARNED (52) GOOD DAYS from MAINTAINANCE WORK AND ATTENDING SCHOOL. Such recorded facts has positively adjusted my RELEASE DATE to Be MAY 6,1987.

10.    I have also claimed that my CONVICTION AND IMPRISON-MENT HAVE BEEN ILLEGAL FROM THE BEGINNING, BECAUSE AT NO TIMEEEE  WERE THE BILLS OF INDICTMENT AUTHENTICATED WITH THE SEAL OF THE COURT AND THE TRIAL COURT THEREFORE, WAS WITHOUT LEGAL JURISDICTION TO COMPEL ME TO PESENT A GUILTY PLEAS ON FALSE AND INVALID INDICTMENTS.

*#1.*
*Reasons/*
*Grounds*
*Upon Hhu*
*Habeas*
*Corpus*
*Issued!*

(35)

✳ 11.    I further claimed that the MITTIMUS was illegally
issued By the trial court and that the prison officials
had ILLEGALLY COMMITTED ME INTO CUSTODY, WHERE THE "WRIT"
(MITTIMUS) WAS ISSUED FROM THE OFFICE OF THE CLERK, IN THE
COURT OF LAW, AND WAS NOT UNDER A SEAL OF THE COURT, AS
THE CONSTITUTION OF THE COMMONWEALTH MANDATES!!!!!!
READ: Mass. Const.Part THE SECOND, Chapter VI, Art.V

*#2₀.
Reasons/
Grounds
Upon Whic
Habeas
Corpus
Issued!*

✳ 12.    ADDITIONALLY, the 'commonwealth' suBjected me to
imprisonment WITHOUT A WRITTEN SIGNATURE FROM THE SENTENCING
JUDGE ON THE FACE OF THE MITTIMUS COMMANDING THE IMPRISONMENT!!!

*#3.
Reasons
Ground
Upon
Which
Habeas
Corpus
Issued!*

13.    There also appears a document of INVALIDITY where
the persons of LESSER OFFICIAL CAPACITY AS THE COMMISSIONER
OF CORRECTION, has conspired and signed papers purporting
to take STATUTORY GOOD TIMNE CREDITS from me.  Such acts
are INVALID where the statotutory language states that ONLY
THE COMMISSIONER OF CORRECTION, HIMSELF, CAN DEDUCT STATUTORY
GOOD TIME AND ENHANCE THE PRISONERS SENTENCED.  The statute
has no language allowing the designee associate commissioner
of correction or whomever happens to Be availaBle to sign
papers that the prison superintendents want penalized.

(36)

CONCLUSION: PRAYER FOR HABEAS CORPUS RELIEF:

1.    A TRAVESTY OF JUSTICE HAS BEEN CONCEAL FROM ME BY THE COMMONWEALTH and the personnel of the MCI WALPOLE (prison) still seeks to inflict additional irreparaBle INJURY OF LOSTY OF LIBERTY.  FALSE IMPRISONMENT IS WHAT THIS PETITION IS SEEKING TO PRECLUDE A CRIME AFOOT.

2.    INVALID MITTIMUS, INVALID CONFISCATION OF STATUTORY GOOD TIME, WITH SOME MYSTERIOUS INITIALED "FRED BUTTERWORTH'S" NAME, MEANING EVEN HE DID NOT SIGN THE LOST OF GOOD TIME, EVEN THOUGH STATUTORY LANGUAGE IS VOID OF RENDERING SUCH ACTIONS.

3.    I SEEK THE BENEFIT OF THE WRIT OF HABEAS CORPUS AD SUBJICIENDUM BECAUSE I AM TO BE IN (4) DAYS/ RELEASED I AM RESPECTFULLY DEMANDING THAT THIS COURT HONORABLE  SITTING ISSUE THE WRIT, FORTHWITH, WITH PREJUDICE.

SIGNED UNDER THE PAINS

AND PENALTY OF PERJURY:

KEITH CANADA    PRO SE
MCI Walpole
Box 100
So.Walpole, MA. 02071

MAY 2,1987

PROOF OF SERVICE: I have completed service of a copy of this petition for writ of habeas corpus, upon the respondent BY HAND on this same day, within this institution.

# CIVIL COVER SHEET    04 - 40039

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) ~~PLAINTIFFS~~   PETITIONER

SEBASTIAN PARES-RAMIREZ

## ~~DEFENDANTS~~   RESPONDENTS

M.T.MALONEY,COMMR.
MASS.DEPT.OF CORRECTION

SUPT.L.BISSONNETTE
NCCI GARDNER,MASS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ~~ATTORNEYS~~ (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

SEBASTIAN PARES-RAMIREZ
NCCI P.O. Box 466
GARDNER, MA 01440-0466

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                            AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

PETIONER WAS CRIMINALLY PROSECUTED IN STATE COURT WHICH LOST
JURISDICTION OVER THE CASE DUE TO FATALLY DEFECTIVE INDICTMENT & OTHRS.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):

IF ANY

JUDGE _NOT APPLY_

DOCKET NUMBER _____

DATE   SEPTEMBER-1-2003

SIGNATURE OF ATTORNEY OF RECORD   _Sebastian Pares Ramirez_   PRO SE

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____